## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JERRY C. LESHER,**
**Claimant Below, Petitioner**

**vs.)    No. 20-0287** (BOR Appeal No. 2054710)
(Claim No. 2010127402)

**PATRIOT COAL CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jerry C. Lesher, by Counsel John H. Shumate Jr., appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Patriot Coal Corporation, by Counsel James W. Heslep, filed a timely response.

The issue on appeal is permanent total disability. The claims administrator denied Mr. Lesher's application for a permanent total disability award on February 27, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its October 8, 2019, Order. The Order was affirmed by the Board of Review on April 14, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]

> . . . .

1

(c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record. . . .

*See Hammons v. West Virginia Off. of Ins. Comm'r*, 235 W. Va. 577, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. West Virginia Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Lesher, a coal miner, submitted an Application for Permanent Total Disability Benefits on June 26, 2017, stating that he worked for Panther Creek Mining, Speed Mining, and New River Engineering. He stated that he had received the following permanent partial disability awards: 17% for a left foot, left heel, and left ankle injury; 10% for occupational pneumoconiosis; 3% for a right knee injury; 4% for a left knee injury; 16% for a cervical spine injury and bilateral carpal tunnel syndrome; and 14% for a low back, left hip, and left foot injury for a total of 64% permanent partial disability. On November 18, 2016, the claims administrator found that because Mr. Lesher was awarded 64% in prior permanent partial disability awards, he was eligible for further consideration of a permanent total disability award.

Prasadarao Mukkamala, M.D., performed an Independent Medical Evaluation on January 10, 2017, in which he evaluated all of Mr. Lesher's compensable injuries. He assessed 15% left lower extremity impairment, 10% impairment for occupational pneumoconiosis, 1% right knee impairment, 4% left knee impairment, 5% cervical impairment, 4% impairment for bilateral carpal tunnel syndrome, and 5% lumbar spine impairment for a total of 39% whole person impairment. Dr. Mukkamala therefore concluded that Mr. Lesher fell short of the 50% whole person impairment threshold for further consideration of a permanent total disability award.

In a September 26, 2017, supplemental report, Dr. Mukkamala noted that the Occupational Pneumoconiosis Board assessed an additional 5% impairment for occupational pneumoconiosis. Dr. Mukkamala adjusted his whole person impairment rating to 41% and concluded that Mr. Lesher still did not meet the required 50% whole person impairment threshold for further consideration of a permanent total disability award.

In its October 16, 2017, Initial Recommendation, the Permanent Total Disability Review Board ("PTDRB") determined that Dr. Mukkamala's January 10, 2017, evaluation finding 39% whole person impairment was the most reliable of record. The Board also adopted the Occupational Pneumoconiosis Board's finding of 15% impairment for occupational pneumoconiosis. The PTDRB noted that pursuant to West Virginia Code § 23-4-6(n)(4)(A), impairment for carpal tunnel syndrome cannot be included in determining whether the claimant

2

has satisfied the 50% whole person impairment threshold. The PTDRB found that though Dr. Mukkamala's evaluation was reliable, his apportionment of the lumbar and cervical spine findings for preexisting impairment was incorrect. The PTDRB concluded that Mr. Lesher had a total of 42% whole person impairment representing 15% impairment for occupational pneumoconiosis, 15% for the left ankle, 8% for the lumbar spine, 7% for the cervical spine, 4% for the left knee, and 1% for the right knee. Because Mr. Lesher fell short of the 50% whole person impairment threshold, the PTDRB recommended that his application for a permanent total disability award be denied.

In a November 13, 2017, response to the PTDRB Recommendations, Mr. Lesher's counsel argued that Mr. Lesher should be granted an additional 2% left ankle impairment for peripheral nerve sensory loss as found by Drs. Chand, Mir, and Landis. He also argued that Dr. Mukkamala and the PTDRB failed to consider Mr. Lesher's decreased right knee range of motion, as found by Dr. Mir, who assessed 4% impairment. Mr. Lesher's counsel asserted that Mr. Lesher was entitled to 7% impairment for the lumbar spine, as supported by Dr. Mir's findings. He further asserts that Mr. Lesher belongs in Lumbar Category III from West Virginia Code of State Rules § 85-20-C, which would result in 10% impairment. Finally, Mr. Lesher's counsel argued that Dr. Mukkamala's finding of 7% cervical spine was confusing, and Mr. Lesher should have been placed in Cervical Category III from West Virginia Code of State Rules § 85-20-E for 15% impairment. Mr. Lesher's counsel asserted that Mr. Lesher has a combined total of 52% impairment.

The PTDRB released its Final Recommendations on February 12, 2018, in which it disagreed with Mr. Lesher's response to its Initial Recommendations. Regarding left ankle impairment, the PTDRB stated that based on several independent medical evaluations of record, it appears that Mr. Lesher's peripheral nerve sensory loss was improved. Therefore, it was not surprising that Dr. Mukkamala found no impairment for such. Regarding the right knee, the PTDRB determined that the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("AMA *Guides*") clearly states that physicians must choose either diagnostic or examination criteria to determine impairment, not both. Dr. Mukkamala found normal range of motion in both knees. The PTDRB accepted Dr. Mukkamala's finding of 1% impairment. Regarding the lumbar spine, the PTDRB noted that permanent partial disability is based on the claimant's impairment at the time of evaluation and that sprains typically improve and resolve. It therefore accepted Dr. Mukkamala's finding of 8% lumbar impairment. The PTDRB found that Dr. Mukkamala's cervical spine impairment rating of 7% was reliable and well-supported. It concluded that Mr. Lesher had a combined total of 42% impairment and therefore failed to meet the 50% whole person impairment threshold. The claims administrator denied Mr. Lesher's application for a permanent total disability award on February 27, 2018.

In a November 9, 2018, Independent Medical Evaluation, Bruce Guberman, M.D., evaluated all of Mr. Lesher's compensable injuries. He found the following impairments: 4% for the left knee, 8% for the cervical spine, 13% for the lumbar spine, 4% for the right knee, 20% for the left lower extremity, and 15% for occupational pneumoconiosis, for a combined total of 50% whole person impairment. Dr. Guberman explained that Mr. Lesher was placed in Lumbar Category III due to radicular symptoms and L5 sensory nerve loss, as seen on EMG studies.

3

On May 8, 2019, ChuangFang Jin, M.D., performed an Independent Medical Evaluation to evaluate all of Mr. Lesher's compensable injuries. She assessed 1% left knee impairment, 5% cervical spine impairment, 5% lumbar spine impairment, 1% right knee impairment, 18% left lower extremity impairment, and 15% occupational pneumoconiosis, for a combined total of 39% whole person impairment. Dr. Jin apportioned the cervical spine impairment because she found that Mr. Lesher's range of motion abnormalities were most likely due to cervical degenerative disc disease and a non-compensable cervical fusion surgery. Further, she found no evidence of cervical radiculopathy. Regarding the lumbar spine, Dr. Jin stated that apportionment was necessary because Mr. Lesher's lumbar impairment was the result of both the compensable lumbar injury and noncompensable degenerative disc disease.

The Office of Judges affirmed the claims administrator's denial of a permanent total disability award on October 8, 2019. It found Dr. Guberman's report to be inconsistent with the medical evidence. Dr. Guberman found 8% impairment for range of motion abnormalities in the bilateral knees. Mr. Lesher was evaluated by Dr. Mukkamala two years prior to Dr. Guberman's evaluation, and Dr. Mukkamala found normal range of motion in both knees. Six months after Dr. Guberman's evaluation, Dr. Jin found normal bilateral knee range of motion. The Office of Judges therefore found Dr. Guberman's finding of 8% impairment for the bilateral knees to be unreliable. When that impairment assessment is removed from Dr. Guberman's evaluation, Mr. Lesher fails to meet the 50% whole person impairment threshold required for further consideration of a permanent total disability award.

The Office of Judges also found other aspects of Dr. Guberman's evaluation to be unreliable, including the assessments for the left lower extremity and lumbar spine. Dr. Guberman assessed 15% left lower extremity impairment for a tibia-os calcis angle of ninety-six degrees, as did Drs. Jin and Mukkamala. However, Dr. Guberman also found an additional 6% impairment for range of motion defects. The AMA *Guides* provide that only one evaluation method should be used to evaluate a specific impairment. Dr. Guberman used both range of motion and joint ankylosis in his evaluation.

Finally, the Office of Judges found Mr. Lesher's arguments to be unpersuasive. He asserted that Dr. Mukkamala and the PTDRB failed to consider peripheral nerve impairment sensory loss in the left lower extremity. However, the Office of Judges found that neither Dr. Jin nor Dr. Guberman found any such impairment either. Mr. Lesher next asserted that Dr. Mukkamala and the PTDRB failed to consider impairment for abnormal right knee range of motion. The Office of Judges found that Dr. Mukkamala's right knee range of motion findings were corroborated by Dr. Jin's findings. Lastly, Mr. Lesher argued that Dr. Mukkamala and the PTDRB failed to consider cervical and lumbar radiculopathy. The Office of Judges determined that the record contains no evidence to support a finding of cervical or lumbar radiculopathy and neither condition has been held compensable. Further, none of the evaluators of record found cervical radiculopathy. The Office of Judges ultimately concluded that Mr. Lesher failed to meet the 50% whole person impairment threshold required for further consideration of a permanent total disability award. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on April 14, 2020.

4

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Pursuant to West Virginia Code § 23-4-6(n)(1) (2018), in order to receive a permanent total disability award, a claimant must first show that he or she has received at least 50% in permanent partial disability awards. Next, the claimant must be evaluated by the reviewing Board and be found to have at least 50% whole body impairment. In this case, Mr. Lesher has at least 50% in prior permanent partial disability awards. The issue is whether he has 50% whole person impairment. Mr. Lesher was evaluated for all of his impairments by three physicians. Drs. Jin found 39% impairment, Dr. Mukkamala found 41% whole person impairment, and Dr. Guberman found 50% whole person impairment. For the reasons set forth by the Office of Judges, Dr. Guberman's report is not supported by the medical evidence of record. Therefore, Mr. Lesher has failed to show that he has at least 50% whole person impairment and is not entitled to further consideration of a permanent total disability award.

Affirmed.

**ISSUED: July 19, 2021**

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton